UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIA LEIB and LISA THOMPSON, individually, and on behalf of all persons similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | CASE NO. 06-802-JPG |
| -v- ) ) | |
| REX ENERGY OPERATING CORP., a Delaware corporation, ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiffs, JULIA LEIB and LISA THOMPSON, individually, and on behalf of all others similarly situated, by and through their attorneys, RICHARD A. GREEN of FEIRICH/MAGER/GREEN/RYAN, and SHAWN M. COLLINS, EDWARD J. MANZKE and AARON W. RAPIER, of THE COLLINS LAW FIRM, P.C., and NORMAN B. BERGER, MICHAEL D. HAYES, and ANNE E. VINER of VARGA BERGER LEDSKY HAYES & CASEY, for their Class Action Complaint against Defendant, REX ENERGY OPERATING CORP., state and allege as follows:

### NATURE OF ACTION

1.      This is a class action brought by and on behalf of all persons and non-governmental entities that own property or reside on property located in the towns of Bridgeport, Illinois and Petrolia, Illinois ("the Class").

2.      The properties of Plaintiffs and residents throughout the Class area have been and continue to be impacted by and contaminated with hydrogen sulfide ("H2S"), a poisonous gas

H2S can cause death. Exposure to lower levels of H2S can cause permanent neurological damage as well as cardiac, respiratory and other related health problems. Defendant has caused and is responsible for this serious contamination, which is present throughout the Class area at levels that pose serious risks to human health and the environment.

3. This Complaint seeks (1) injunctive relief under the Illinois Environmental Protection Act and Illinois common law, restraining and enjoining Defendant from allowing continued contamination of the Class area, and compelling Defendant to abate the contamination it has caused in the Class area, (2) compensatory damages caused by Defendant's continuing acts and omissions related to the Class area, (3) the establishment for the Class of a medical monitoring fund sufficient to ensure early diagnosis and treatment of illness and disease within the Class area caused by exposure to the H2S released by Defendant, and (4) punitive damages for the purpose of punishing Defendant for, *inter alia*, knowingly permitting unsafe levels of H2S to impact and contaminate the Class area, and willfully failing to promptly and responsibly address and mitigate the threats and to warn Plaintiffs and Class area families of the contamination and the dangers it poses to them.

## **PLAINTIFFS**

4. Plaintiff, JULIA LIEB, is a citizen of the State of Illinois, residing within this Judicial District at RR1, Box 172, Bridgeport, Illinois.

5. Plaintiff, LISA THOMPSON, is a citizen of the State of Illinois, residing within this Judicial District at 744 Adams Street, Bridgeport, Illinois.

## DEFENDANT

6.  Defendant, Rex Energy Operating Corp., is a Delaware corporation with its principal place of business in State College, Pennsylvania.

## JURISDICTION AND VENUE

7.  This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2)(A) because 1) the aggregated damages, value of injunctive relief, and medical monitoring fund sought by the Plaintiffs and all Class members exceeds the sum or value of $5,000,000, exclusive of interest and costs, and 2) Plaintiffs are citizens of a state (Illinois) different from the state of citizenship (Delaware and Pennsylvania) of the Defendant. Additionally, this Court also has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because 1) the amount in controversy (including the cost to the Defendant of the injunctive relief and medical monitoring fund sought in this matter by Plaintiffs) exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) Plaintiffs and Defendant are citizens of different states.

8.  Pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), venue is proper in this Court because this case arises out of actions occurring at, and pertaining to, property located within this Judicial District.

## Defendant's Operations Have Contaminated The Class Area

9.  Defendant and/or affiliates it controls own and/or operate more than one hundred oil wells that impact the Class Area.

10. As a direct result of operating these oil wells, H2S has been and continues to be released throughout the Class area in concentrations that threaten human health and safety, damage personal property, and diminish the values of properties throughout the Class area.

11. Plaintiffs were first advised within the past two months by the United States Environmental Protection Agency and the federal Agency for Toxic Substances and Disease Registry that the levels of H2S released by Defendant in the Class area are elevated and dangerous to their health. Prior to that, Plaintiffs and the Class had been assured – falsely – by Defendant that the H2S released within the Class Area did not pose any potential health threats to Class area residents.

## Class Allegations

12. Plaintiffs bring each of the claims in this action in their own names and on behalf of a class of all persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

13. The class consists of all persons and non-governmental entities that own property or reside on property located in the towns of Bridgeport, Illinois and Petrolia, Illinois ("the Class")(at or before the time they move for class certification in this case, Plaintiffs will present a map of the Class area which specifies its precise geographical boundaries).

14. The Class consists of more than one thousand homes and approximately 2,500 people, and is accordingly so numerous that joinder of all members is impractical.

15. There are core questions of law and fact that are common to each member of the Class, such as: whether Defendant and/or the affiliates it controls have released H2S within the Class area; whether Defendant has acted reasonably to prevent H2S releases from its oil wells

into the Class area; whether the H2S released by Defendant has interfered with Plaintiffs' and Class Members' reasonable use and enjoyment of their properties; whether the H2S released by Defendant threatens the health and safety of Plaintiffs and the Class; whether the H2S released by Defendant has caused damage to personal property within the Class area; whether the H2S released by Defendant has diminished the value of properties within the Class area; whether Defendant should be restrained and enjoined from allowing continued contamination of the Class area, and compelled to abate the contamination it has caused in the Class area; and whether Defendant should be ordered to pay for medical monitoring of the Class to ensure early diagnosis and treatment of illness and disease caused by exposure to the H2S released by Defendant.

16. Plaintiffs' claims are typical of the claims of the Class. All claims are based upon Defendant's common course of conduct.

17. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

18. Plaintiffs have retained counsel who are competent and experienced in class action litigation, including environmental suits such as this one.

## COUNT I

## ILLINOIS ENVIRONMENTAL PROTECTION ACT

19. Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs 1 through 18 above as paragraph 19 of this Count I, as though fully set forth herein.

20. The Illinois Environmental Protection Act (the "Act"), at 415 ILCS 5/9, provides in pertinent part that no person shall "[c]ause or threaten or allow the discharge or emission of

any contaminant into the environment in any State so as to cause or tend to cause air pollution in Illinois.

21. The Act, at 415 ILCS 5/3.115, defines "air pollution" as "the presence in the atmosphere of one or more contaminants in sufficient quantities and of such characteristics and duration as to be injurious to human health, plant, or animal life, to health, or property, or to unreasonably interfere with the enjoyment of life or property."

22. The Act, at 415 ILCS 5/3.165, defines "contaminant" as "any solid, liquid, or gaseous matter, any odor, or any form of energy, from whatever source."

23. H2S is a "contaminant," as that term is defined in the Act.

24. By releasing high levels of H2S into the Class area, Defendant has and continues to violate 415 ILCS 5/9.

25. The Act, at 415 ILCS 5/45, provides that "any person adversely affected in fact by a violation of this Act . . . may sue for injunctive relief against such violation." This provision of the Act further provides that the "prevailing party shall be awarded costs and reasonable attorneys' fees."

26. Defendant has violated the Act and should be restrained and enjoined from allowing continued contamination of the Class area, and compelled to abate the contamination it has caused in the Class area. Under the Act, Defendant should also be ordered to pay Plaintiffs' reasonable attorneys' fees and costs.

## COUNT II

## NEGLIGENCE

27. Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs 1 through 26 of the Complaint as paragraph 27 of this Count II, as though fully set forth herein.

28. Defendant owed a duty to Plaintiffs and the Class not to permit or allow elevated levels of H2S to invade residential properties. Defendant also had a duty to promptly respond to known releases of elevated levels of H2S in a manner which would prevent further contamination, and otherwise protect Class area properties and the Class.

29. Defendant has breached these duties by its negligent acts and omissions in operating oil wells in the Class area such that they released and continue to release elevated and unsafe levels of H2S into the Class area.

30. Defendant has also breached its duty to warn members of the Class of the threatened and actual contamination of their properties and air supply (with H2S released from Defendant's oil wells).

31. Defendant's breaches of its duties to Plaintiffs and the Class are continuing and have caused substantial injury and damage to Plaintiffs and the Class, including, but not limited to, injury in the form of damages to their property. In addition to monetary damages, Plaintiffs also seek injunctive relief pursuant to this Count, in the form of an injunctive order restraining and enjoining Defendant from allowing continued contamination of the Class area, and compelling Defendant to abate the contamination it has caused in the Class area, and the establishment of a court-supervised and Defendant-funded fund to pay for medical monitoring

for Plaintiffs and others in the Class area to ensure early diagnosis and treatment of illness and disease caused by exposure to H2S.

## COUNT III

## PRIVATE NUISANCE

32. Plaintiffs, individually and on behalf of the Class defined herein, repeat, reallege and incorporate by reference paragraphs 1 through 31 of the Complaint as paragraph 32 of this Count III, as though fully set forth herein.

33. Defendant continues to operate and control its oil wells within the Class area, a private nuisance to Plaintiffs and the members of the Class.

34. Elevated levels of H2S released by Defendant continue to contaminate and impact the Class area.

35. Defendant has failed to properly contain and abate the H2S released from its oil wells. Defendant's continuing maintenance of its oil wells so as to cause and permit further contamination of the Class area constitutes an unreasonable, unwarranted and unlawful use of the oil well properties. Defendant's maintenance of this nuisance has substantially interfered with Plaintiffs' and the Class members' reasonable use and enjoyment of their properties.

36. Plaintiffs are entitled to and seek an injunction against Defendant's continued maintenance of this nuisance and immediate abatement of the substantial harm to Plaintiffs' health and property caused by the contamination.

37. Moreover, Plaintiffs and members of the Class have incurred substantial damage as a result of Defendant's ongoing maintenance of this private nuisance. In addition to monetary damages, Plaintiffs also seek injunctive relief pursuant to this Count, in the form of an injunctive

order restraining and enjoining Defendant from allowing continued contamination of the Class area, and compelling Defendant to abate the contamination it has caused in the Class area, and the establishment of a court-supervised and Defendant-funded fund to pay for medical monitoring for Plaintiffs and others in the Class area to ensure early diagnosis and treatment of illness and disease caused by exposure to H2S.

## COUNT IV

## TRESPASS

38.     Plaintiffs, individually and on behalf of the Class as defined herein, repeat, reallege and incorporate by reference paragraphs 1 through 37 of the Complaint as paragraph 38 of this Count IV, as though fully set forth herein.

39.     Defendant continues to cause and permit contaminants, including H2S, to enter the Class area. This entry is unlawful and without the consent of Plaintiffs and the members of the Class.

40.     In addition, the H2S contaminants released by Defendant are known, or should be known, by Defendant to be present at, on and/or in Plaintiffs' and Class members' properties. In spite of this knowledge, Defendant has failed to abate or otherwise remediate these contaminants from Class members' properties.

41.     Defendant has failed to properly contain and abate the H2S contaminants released from its oil wells. Defendant's past and continuing wrongful acts and omissions have resulted, and continue to result, in: releases of H2S contaminants into the environment; migration of such contaminants throughout the Class area; and invasion of Class area properties, without the consent of Plaintiffs or Class members.

42. The invasion of Plaintiffs' and Class area properties is unreasonable and unlawful. As a result of Defendant's continuing trespasses, the lawful rights of Plaintiffs and the Class to use and enjoy their property have been substantially interfered with, and Plaintiffs and the Class have been damaged. In addition to monetary damages, Plaintiffs also seek injunctive relief pursuant to this Count, in the form of an injunctive order restraining and enjoining Defendant from allowing continued contamination of the Class area, and compelling Defendant to abate the contamination it has caused in the Class area, and the establishment of a court-supervised and Defendant-funded fund to pay for medical monitoring for Plaintiffs and others in the Class area to ensure early diagnosis and treatment of illness and disease caused by exposure to H2S.

## COUNT V

## WILLFUL AND WANTON MISCONDUCT

43. Plaintiffs, individually and on behalf of the Class as defined herein, repeat, reallege and incorporate by reference paragraphs 1 through 42 as Paragraph 43 of this Count V, as though fully set forth herein.

44. Defendant has acted in a willful and wanton manner and in reckless indifference to the safety of Plaintiffs' and other members of the Class' health and property, and to the safety of the general public.

45. Defendant knew that Plaintiffs and the public were threatened by its H2S contamination, yet failed to investigate and mitigate the threat to Plaintiffs. Knowing – or recklessly ignoring readily accessible facts – Defendant failed and refused to warn residents of the actual or threatened contamination in the Class area.

46. Defendant has knowingly or recklessly failed to properly contain and abate the H2S contaminants released from its oil wells. Defendant has knowingly or recklessly failed to remediate the H2S contamination it has caused throughout the Class area.

47. As a direct and proximate result of the willful, wanton and reckless acts and/or omissions of Defendant, Plaintiffs and the Class have sustained damages. In addition to monetary damages, Plaintiffs also seek injunctive relief pursuant to this Count, in the form of an injunctive order restraining and enjoining Defendant from allowing continued contamination of the Class area, and compelling Defendant to abate the contamination it has caused in the Class area, and the establishment of a court-supervised and Defendant-funded fund to pay for medical monitoring for Plaintiffs and others in the Class area to ensure early diagnosis and treatment of illness and disease caused by exposure to H2S.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and in favor of the Class and against Defendant, and pray:

A. That pursuant to Plaintiffs' Illinois Environmental Protection Act and common law claims the Court preliminarily and permanently restrain and enjoin Defendant from allowing continued contamination of the Class area, and compel Defendant to abate the contamination it has caused in the Class area;

B. That the Court award Plaintiffs and the Class compensatory and other appropriate damages in an amount to be determined by the evidence at trial and allowed by law;

C. That the Court enter an order creating a court supervised and Defendant-funded fund to pay for medical monitoring for Plaintiffs and others in the Class area;

  D. That the Court award Plaintiffs and the Class punitive damages as allowed by law and in an amount sufficient to deter Defendant and other companies and/or individuals who are similarly situated from acting in a similar manner; and,

  E. That the Court award Plaintiffs and the Class their attorneys' fees, expert costs, costs of suit and such other and further relief as the Court deems appropriate and just.

## JURY TRIAL DEMANDED

Plaintiffs request trial by jury on all issues so triable.

         FEIRICH/MAGER/GREEN/RYAN

         By  s/ Richard A. Green
           Richard A. Green
           Local Counsel for Plaintiffs

FEIRICH/MAGER/GREEN/RYAN
2001 West Main Street
Post Office Box 1570
Carbondale, IL 62903
TELEPHONE: 618-529-3000
FAX: 618-529-3008

Shawn M. Collins
Edward J. Manzke
Aaron W. Rapier
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, Illinois 60563
(630) 527-1595

Norman B. Berger
Michael D. Hayes
Anne E. Viner
VARGA BERGER LEDSKY HAYES & CASEY
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312) 341-9400

NBB/RAG/dsmG:\LEIB & THOMPSON vs. RX ENERGY-Class Action\CLASS ACTION COMPLAINT.wpd